**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL VICTOR NERIO RODRIGUEZ, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-70750 Agency No. A092-188-053 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Daniel Victor Nerio Rodriguez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") removal order.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F. 3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We grant Nerio Rodriguez's motion for leave to file a supplemental brief.

Nerio Rodriguez does not contest that he has three convictions under California Health and Safety Code § 11550(a) for being under the influence of methamphetamine and amphetamines, and the BIA correctly concluded that Nerio Rodriguez is removable due to his controlled substance convictions. *See* 8 U.S.C. § 1227(a)(2)(B)(i); 21 U.S.C. § 812; *see also Coronado v. Holder*, 759 F.3d 977, 983-85 (9th Cir. 2014).

The BIA did not err in denying Nerio Rodriguez's due process claim, where he received ample time to obtain an attorney, had a full and fair hearing, and has not shown prejudice from the alleged due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Substantial evidence supports the agency's denial of asylum where Nerio Rodriguez did not show prior harm rising to the level of persecution, *see Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009), or fear of future persecution on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 739-40

14-70750

(9th Cir. 2009). Because Nerio Rodriguez does not meet the standard for asylum, substantial evidence supports the agency's determination that he also does not meet the stricter standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of relief under the Convention Against Torture, where Nerio Rodriguez has not established that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Wakkary*, 558 F.3d at 1067-68.

We lack jurisdiction to consider Nerio Rodriguez's contentions that the IJ should have advised him of the availability of other forms of discretionary relief, that the IJ should have granted voluntary departure, and that the BIA should reopen his case due to changed country conditions, because these claims were not raised before the BIA and are therefore unexhausted. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the BIA).

The government's motion to vacate the stay of removal pending review is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**